## WILL CUNNINGHAM v. THE STATE.

### No. 2864. Decided February 10, 1904.

**Carrying Pistol—Imminent Danger.**
    If the danger was imminent and threatening, defendant would not have to withdraw from the vicinity, or stay away from the vicinity of such danger, but had a right to go armed.

Appeal from the County Court of Palo Pinto. Tried below before Hon. W. E. McConnell.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $25.

This is a prosecution under article 338, Penal Code, and the defendant interposed the defense under article 339, Penal Code, that he had reasonable grounds for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack, upon legal process. The following from appellant's brief is a substantial statement of the facts: The evidence in this case shows that out some distance from the town of Palo Pinto, in Palo Pinto County, there was held what was called a three-days' picnic, or old settlers' reunion, and that the defendant was a camper on the ground and that his family were with him. Defendant was there at the invitation and with the consent of the owner of the grounds. The evidence further shows that there was also on the ground a man who was running a flying jenny, and that on the night defendant armed himself that the former's wife had thrown a rock and had injured the little girl who was a kinsman of the defendant, and that the defendant had gone to the man who was in charge of the flying jenny and had some words with him; that after this the flying jenny man had armed himself and was in his inclosure on the ground and was waving the pistol around his head and was threatening to kill various and sundry persons. The evidence in the case shows that prior to this time the flying jenny man had threatened to kill the defendant. When defendant saw that the flying jenny man had armed himself, he went to his tent and got his pistol, but after this had no more words with the flying jenny man and said nothing more to him.

*J. Hall Bowman,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for unlawfully carrying a pistol, and his punishment assessed at a fine of $25.

Bills of exceptions numbers 1 and 2 do not show any error in the light of the explanation of the trial court appended to said bills.

In motion for new trial appellant complains of the following portion of the charge of the court: "You are further charged that defendant had a right to arm himself, if it was done for the purpose of defending himself or his family against serious bodily injury or death, and the danger was so imminent and threatening as that he could not have time to procure the protection of the law. This right, however, would be compromitted if you should find from the evidence that defendant could have avoided the danger by withdrawal from its vicinity or by staying away from the vicinity of such danger." The evidence shows defendant was at a picnic, with others, encamped there for a day or so. No officers were near the picnic grounds, according to this record. If the danger

was imminent and threatening defendant would not have to withdraw from the vicinity or stay away from the vicinity of such danger. We think the charge was erroneous. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*